UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Millard F. Burrowes,

           PLAINTIFF,

-against-

Tronic 1 Records, LLC d/b/a
ReggaeMall.com;
Virginia Basile a/k/a Virginia O'Reilly;
John Doe a/k/a King Benj-I

           DEFENDANTS
-----------------------------------------------------------X

INDEX NO.

COMPLAINT

JURY DEMAND

Plaintiff Millard F. Burrowes (hereinafter referred to as "Plaintiff"), by his attorneys, Jacobson & Colfin, P.C., complaining of the Defendants, respectfully alleges to this Court as follows:

## THE PARTIES

1. Plaintiff is a resident of the County of Kings in the State of New York.

2. Defendant Tronic 1 Records, LLC d/b/a ReggaeMall.com is a limited liability company organized under the laws of the State of New Jersey.

3. Defendant Virginia Basile a/k/a Virginia O'Reilly is a resident of the State of New Jersey.

4. Defendant, John Doe, also known as, and professionally known as King Benj-I, is a resident of the County of Middlesex in the State of New Jersey, located in Perth Amboy, New Jersey. (Defendant John Doe a/k/a King Benj-I is hereinafter referred to as "King Benj-I")

1

5. King Benj-I also does business as King Ben Tronic.

6. Upon information and belief, Defendants Basile and Benj-I are the principle members of Defendant Tronic 1 Records.

## JURISDICTION

7. This is a civil action under §106 of the Copyright Act of 1976, 17 U.S.C. §101 et seq. (the"Copyright Act"), pursuant to which the Plaintiff has the exclusive right, among other things, to authorize the first publication of sound recordings which he produced and compiled, and to make reproductions from the copyrighted sound recordings in all forms.

8. Plaintiff seeks a declaration that Defendants' unauthorized distribution and additional copying of Plaintiff's copyrighted sound recordings willfully infringes Plaintiff's copyrights in violation of the Copyright Act. Plaintiff further seeks injunctive relief prohibiting Defendants from any further manufacture or distribution of sound recordings derived from Plaintiff's copyrighted sound recordings. Plaintiff prays for statutory damages for willful copyright infringement in the amount specified in §504 of the Copyright Act. Plaintiff also prays for criminal sanctions against Defendants for their willful infringement as specified in §506 of the Copyright Act.

9. This action is also one of false designation of origin, a form of unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§1125 (Lanham Act §43(a) ) and the common laws of the State of New York.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

11. Venue is proper pursuant to 28 U.S.C. §1391 (b) and (c). Venue in the Eastern District of New York is appropriate under the Local Rules of this Court, since the acts complained of here have taken place, and continue to take place, at least in part, on a regular basis, in New York State, in the County of Kings.

## FACTS AND CIRCUMSTANCES COMMON TO ALL CAUSES OF ACTION

## THE COPYRIGHTED WORKS

12. At all relevant times herein, Plaintiff produced, compiled, distributed and promoted sound recordings featuring musical compositions which were composed and performed by Plaintiff.

13. As both producer of the sound recordings, and as recording artist whose performances are embodied on those sound recordings, Plaintiff is the copyright proprietor in and to the sound recordings.

14. As producer of compilations including the sound recordings, Plaintiff is the copyright proprietor of the compilations produced by him.

15. As composer and lyricist of substantially all of the musical compositions embodied on the sound recordings, Plaintiff is the copyright proprietor of those musical compositions.

16. Upon information and belief, Defendants King Benj-I and Victoria Basile are in the business of reproducing sound recordings featuring musical compositions of various artists.

17. Defendants duplicate sound recordings and compact disc compilations

3

featuring music and other media.

18. Defendants sell those products through an internet website whose URL is www.ReggaeMall.com.

19. Defendants deliver such sound recordings electronically and by mail.

20. In or about December 2000, Plaintiff completed his sound recording compilation album "Tribute to Ethiopia - Spiritual Standards".

21. Plaintiff registered the words and music of same, as an unpublished work with the United States Copyright Office, receiving Registration Number Pau 2-550-383.

22. The sound recording compilation album "Tribute to Ethiopia - Spiritual Standards" was commercially released by Plaintiff in 2007.

23. In or about 2000, the Plaintiff completed the sound recording "The Struggle Goes On To Set My People Free", which was commercially released in 2004.

24. In or about 2003 Plaintiff completed the sound recording "We Are Concerned", which was commercially released In 2005.

25. In or about 2002, the Plaintiff completed the sound recording "One Man Protesting the World", which was commercially released in August of 2006.

26. In 2000 and 2001, Plaintiff sent copies of his sound recordings, "The Struggle Goes On to Set My People Free" and "Tribute to Ethiopia Spiritual Standards" to Defendants' music company, Tronic 1 Records, in an attempt to secure distribution by Tronic 1.

27. Plaintiff's sound recordings were returned to him by Defendants who claimed that they could not distribute Plaintiff's music.

28. Plaintiff did not, and to this day has not, entered into any written agreement

4

authorizing Defendants to reproduce or distribute his music compositions and/or sound recordings.

29. In 2004, seeking independent distribution of his sound recordings, Plaintiff was approached by King Benj-I who told Plaintiff he would aid Plaintiff in distributing the sound recordings as long as Tronic 1 Records was mentioned on Plaintiff's CD's labels

30. Plaintiff provided King Benj-I with fifty (50) copies of his album entitled "The Struggle Goes On To Set My People Free".

31. King Benj-I failed to distribute the sound recordings and Plaintiff was returned thirty seven (37) copies of the album. The remainder of the copies are unaccounted for.

32. In 2004, Plaintiff was approached by King Benj-I who proposed to distribute Plaintiff's sound recordings online using the internet. King Benj-I proposed he would create and host a website called www.MFBurrowes.com

33. Plaintiff paid King Benj-I four hundred ($400.00) dollars to have that specific website prepared and operated.

34. In 2004, Plaintiff provided Defendant King Benj-I with one (1) copy of "We Are Concerned" as a sample, with agreement to distribute through Defendants.

35. By 2005 Defendant King Benj-I had failed to create the website and was subsequently contacted by Plaintiff's manager instructing him to halt his work on the website for Plaintiff.

36. Subsequently, Upon information and belief, in 2005, Defendants registered three (3) websites for the purpose of selling various artists' sound recordings, including the two (2) websites whose URLs are owned and operated by Defendants,

www.ReggaeMall.com and www.Tronic1Records.com.

37. In 2006, Plaintiff gave one (1) copy of his sound recording "One Man Protesting the World" to Defendant King Benj-I, with no agreement to distribute by Defendants.

38. Subsequently, Defendants have been duplicating and selling Plaintiff's albums ("One Man Protesting the World", "The Struggle Goes On To Set My People Free", "Tribute to Ethiopia Spiritual Standards", and "We Are Concerned") without authorization to the present time.

39. Upon information and belief, Defendant Tronic 1 Records duplicated CD labels and CD inserts of Plaintiff's sound recordings and music compositions, without Plaintiff's authorization to do so, and sold them via Defendants' online music website, www.ReggaeMall.com.

40. On September 24, 2008, Defendants were sent a Cease and Desist Letter instructing them to stop the sale of Plaintiff's sound recordings on their websites.

41. In apparent response, Defendants ceased the sale of Plaintiff's sound recordings temporarily, but recommenced sales in November 2008.

42. Defendants have again been selling compact discs of Plaintiff's sound recordings and music compositions again since November 2008, without Plaintiff's authorization, despite the Cease and Desist Letter.

43. On or about June 8, 2009, Plaintiff electronically filed for copyright registration and submitted two (2) compact discs of the sound recording compilation album entitled "We Are Concerned" to the United States Copyright Office, Case Number 1-201060701. Certificate of Registration is pending.

44. On or about June 8, 2009, Plaintiff electronically filed for copyright registration and submitted two (2) compact discs of the sound recording compilation album entitled "One Man Protesting the World" to the United States Copyright Office, Case Number 1-196608407. Certificate of Registration is pending.

45. On or about June 8, 2009, Plaintiff electronically filed for copyright registration and submitted two (2) compact discs of the sound recording compilation album entitled "Africa On My Mind" to the United States Copyright Office, Case Number 1-196608031. Certificate of Registration is pending.

46. On or about June 8, 2009, Plaintiff electronically filed for copyright registration and submitted two (2) compact discs of the sound recording compilation album entitled "The Struggle Goes On To Set My People Free" to the United States Copyright Office, Case Number 1-202258681. Certificate of Registration is pending.

47. On or about July 20, 2009, Plaintiff electronically filed for copyright registration and submitted two (2) compact discs of the sound recording compilation album entitled "Tribute to Ethiopia" to the United States Copyright Office, Case Number 1-215772721, Certificate of Registration is pending.

## AS AND FOR A FIRST CAUSE OF ACTION

48. Plaintiff repeats and reiterates each and every allegation heretofore stated in paragraphs "1" through "47" of the complaint.

49. This claim is brought pursuant to the Copyright Act and 28 U.S.C. § 2201 (a), seeking declaratory, injunctive and monetary relief and criminal sanctions. There is an actual controversy between Plaintiff and Defendants.

50. Under §106 of the Copyright Act, Plaintiff has the exclusive right to reproduce

his Copyrighted Recordings, his copyrighted musical compositions, and the exclusive right to authorize the reproduction of his Copyrighted Recordings in copies or phonorecords.

51. Unauthorized reproduction of Copyrighted Recordings or Copyrighted Musical Compositions constitutes infringement of the exclusive rights under §106 of the Copyright Act.

52. Upon information and belief, Defendants have made and have continued to make unauthorized copies of Plaintiff's Sound Recordings.

53. Upon information and belief, Defendants have without authority from the copyright owner, distributed and continued to distribute copies of Plaintiff's Sound Recordings.

54. Only the owner of the copyrights in an unpublished work has the authority to publish the work.

55. Only Millard Burrowes had the right to authorize the duplication and commercial release and distribution of such sound recordings.

56. Defendants have willfully and with full knowledge of Plaintiff's exclusive rights made infringing reproductions of Plaintiff's copyrighted Sound Recordings for the purpose of distributing the copies to the public without authority from Plaintiff.

57. As a direct and proximate result of the foregoing acts of infringement by Defendants, Plaintiff has been and will continue to be irreparably injured.

58. As a direct and proximate result of the foregoing acts of infringement by Defendants, Plaintiff is entitled to damages and profits under §504 of the Copyright Act, including statutory damages for willful infringement in an amount to be established at

trial.

## AS AND FOR A SECOND CAUSE OF ACTION

59. Plaintiff repeats and reiterates each and every allegation heretofore stated in paragraphs "1" through "58" of the complaint.

60. Defendants, through www.ReggaeMall.com and Tronic 1 Records, have engaged in unfair trade practices and unfair competition against Plaintiff.

61. Upon information and belief, Defendants have duplicated Plaintiff's Sound Recordings without authorization, and sold such unauthorized duplications through Defendants' Reggae Mall and Tronic 1 Records websites.

62. Defendants give the appearance as though Defendants were the authorized and original source of the Plaintiff's copyrighted sound recordings.

63. Plaintiff has given no authority to Defendants to make any sales.

64. Defendants' actions are thus unfairly competing with Plaintiff, the actual source of authorized Sound Recordings featuring the Plaintiff.

65. In manufacturing and selling Plaintiff's sound recordings, Defendants knew or had reason to know that they had no authority to manufacture distribute Plaintiff's sound recordings.

66. Plaintiff has been and continues to be irreparably damaged as a result of Defendants' unfair trade practices and unfair competition.

## AS AND FOR A THIRD CAUSE OF ACTION

67. Plaintiff repeats and reiterates each and every allegation heretofore stated in

paragraphs "1" through "66" of the complaint.

68. Only Plaintiff has the right to authorize the mechanical reproduction of the musical compositions by embodying them on sound recordings.

69. Defendants have been reproducing Plaintiffs' copyrighted musical compositions by embodying them on Sound Recordings without first seeking or receiving the appropriate mechanical licenses from Plaintiff to do so.

70. Without permission or payment to the composer and lyricist for the mechanical reproduction of musical compositions, Defendants are copyright infringers of the musical compositions.

71. Defendants have willfully and with full knowledge of Plaintiff's exclusive rights made sound recordings mechanically reproducing Plaintiff's musical compositions without authority from Plaintiff, and has distributed same to the public.

72. As a direct and proximate result of the foregoing acts of infringement by Defendants, Plaintiff has been and will continue to be irreparably injured.

73. As a direct and proximate result of the foregoing acts of infringement by Defendants, Plaintiff is entitled to damages and profits under §504 of the Copyright Act, including statutory damages for willful infringement in an amount to be established at trial.

WHEREFORE, Plaintiff prays for judgement and relief as follows:

For a declaration that Defendants have willfully infringed the copyrights of Plaintiff in the Sound Recordings by making unauthorized reproductions and distributing the unauthorized Sound Recordings to the public;

For a declaration that the Defendants have falsely designated the origin of the copies reproduced and sold by Defendants without authorization from Plaintiff;

For an award of damages, including, without limitation, statutory damages for willful infringement of one hundred fifty thousand ($150,000.00) dollars per work infringed; such damages, at one hundred fifty thousand ($150,000.00) dollars per sound recording infringed multiplied by four (4) Sound Recordings amounts to no less than six hundred thousand ($600,000.00) dollars;

For an award of damages, including one hundred fifty thousand ($150,000.00) dollars per musical composition infringed multiplied by **fifteen (15) Musical Compositions** amounts to no less than two million two hundred and fifty thousand ($2,250,000.00) dollars;

That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' unfair trade practices and unfair competition, the amount of which cannot be calculated at this time, but is believed to be in excess of five hundred thousand ($500,000.00) dollars;

For a permanent injunction requiring Defendants, their agents, employees, and other persons acting in concert with, or for, them to: (i) cease and desist from making any infringing copies of the copyrighted Sound Recordings; and (ii) cease and desist from distributing any infringing copies of the copyrighted Sound Recordings; and (iii) destroy any infringing copies of the copyrighted Sound Recordings in the possession of the Defendants;

For a permanent injunction requiring Defendants, their agents, employees, and

11

other persons acting in concert with, or for, them to: (i) cease and desist from making any infringing copies of Sound Recordings designating Tronic 1 Records as the origin of the recordings, (ii) cease and desist from distributing any such falsely designating copies; and (iii) destroy any copies of the sound recordings falsely designating the origin of the recordings in the possession of the Defendants;

For an award of the costs of this action, including reasonable attorneys' and expert witness fees;

Plaintiff to have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods provided or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff or its products;

For such other and further relief as the Court may deem just and proper;

JURY DEMAND. Plaintiff requests trial by jury on all issues so triable.

Dated:   July 29, 2009
         New York, NY

_____
Bruce E. Colfin (BEC 5815)
Jacobson & Colfin, P.C.
Attorneys for Plaintiff
60 Madison Avenue, Suite 1026
New York, NY 10010
212-691-5630

DEFENDANTS
Tronic 1 Records, LLC d/b/a ReggaeMall.com
332 Prospect St.
Perth Amboy, NJ 08861

Virginia Basile a/k/a Virginia O'Reilly
332 Prospect St.
Perth Amboy, NJ 08861

John Doe a/k/a King Benj-I
332 Prospect St.
Perth Amboy, NJ 08861

Client/Lit/BURROWESCMP

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Index No. _____

_____

Millard F. Burrowes,

    PLAINTIFF,

  -against-

Tronic 1 Records, LLC d/b/a ReggaeMall.com; Virginia Basile a/k/a
Virginia O'Reilly; John Doe a/k/a King Benj-i

    DEFENDANTS

_____

SUMMONS AND COMPLAINT

_____

JACOBSON & COLFIN, P.C.
60 Madison Avenue
Suite 1026
New York, NY 10010
(212) 691-5630

_____

TO:
ATTORNEY(S) FOR

Service of a copy of the within                    is hereby admitted

Dated,                              Attorneys For

burrowes.bk